[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

————————————

No. 22-11074

Non-Argument Calendar

————————————

DANIEL HOWARD,

Plaintiff-Appellant,

*versus*

BP EXPLORATION & PRODUCTION INC,
BP AMERICA PRODUCTION COMPANY,

Defendants-Appellees.

————————————

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 3:21-cv-00737-MCR-GRJ

————————————

Before WILSON, LUCK, and LAGOA, Circuit Judges.

PER CURIAM:

This case involves case-management deadlines and plaintiff's counsel's attempt to extend them. Plaintiff-Howard appeals from the entry of summary judgment on his complaint for injuries stemming from the cleanup efforts of Defendant-BP's Deepwater Horizon oil spill disaster. The district court entered summary judgment on his claim because Mr. Howard failed to provide expert evidence supporting his claim. The reason Mr. Howard failed to provide that evidence was because his attorneys missed the filing deadline and failed to diligently ask the court for relief from the deadlines. His appeal primarily concerns the district court's rulings on these two procedural issues, which all but assured the result in the summary judgment issue. After careful consideration, we **AFFIRM**.

## I.    Background

We assume the parties are familiar with the factual background leading to this litigation, and focus our attention on the specific procedural facts at issue in this appeal.

### A. *Background on Deepwater Horizon Litigation*

The Deepwater Horizon Medical Benefits Class Action Settlement Agreement (MSA) provided class members such as Mr. Howard the opportunity to sue BP for medical conditions that

manifested after the close of that class action. *See In re Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico*, 295 F.R.D. 112, 119 (E.D. La. 2013). These suits are called "BELO" or "Back-End Litigation Option" suits. The MSA required that all BELO suits be initially filed in the Eastern District of Louisiana, but provided for their transfer to more appropriate venues at a later time.

In Florida, Judge Rodgers created a master docket for the BELO cases transferred to the Northern District of Florida. *See In re Deepwater Horizon BELO Cases*, No. 3:19-cv-963. On February 22, 2021 Judge Rodgers entered the first BELO case management order (CMO) in the master docket. This CMO established the course of litigation for the Northern District of Florida's BELO cases and set discovery deadlines, including for expert witnesses, applicable to any individual case where the master CMO was docketed.

In April the district court began the process of establishing bellwether cases for the Deepwater Horizon litigation pending in the district. The district court issued a Revised Case Management Order (RCMO) to the master docket on April 30, 2021, which grouped some of the pending cases into three groups and modified deadlines relating to these groups. The three groups were based on what type of injury the plaintiff alleged they had suffered. The RCMO only applied to plaintiffs represented by two law firms who had moved to revise the original CMO. The "Downs" plaintiffs who were all represented by the Downs Law Group, and the "Falcon" plaintiffs who were represented by the Falcon Law Firm.

Falcon Law Firm represents Mr. Howard in this matter. The district court determined to which cases the RCMO applied based on lists of cases provided by counsel for the plaintiffs.

In late August counsel for the Falcon plaintiffs moved to amend the RCMO to establish bellwether cases and to stay all other cases. After briefing and hearings the district court first issued an Amended Revised Case Management Order (ARCMO) on September 23, 2021 and then a Corrected Amended Revised Case Management Order (CARCMO) on September 30, 2021. The CARCMO had the effect of staying all cases alleging sinus or ocular injuries, except for the eight bellwether cases. Cases where the plaintiffs alleged they contracted cancer were not stayed and remained subject to the RCMO. Again, the court relied on counsel for the two groups of plaintiffs to provide lists of cases to be stayed, and Falcon Law Firm filed their list of cases on October 7, 2021.

## B. Background on Mr. Howard's Litigation

Mr. Howard filed his complaint in the Eastern District of Louisiana, pursuant to the MSA, on December 11, 2020. Mr. Howard alleges he contracted cancer as a result of working on the Deepwater Horizon cleanup efforts. The case was then transferred to the Northern District of Florida on May 6, 2021. On that day the original CMO was entered into Mr. Howard's docket from the master BELO docket. Under the original CMO, Mr. Howard's expert witness discovery obligations were due on December 2, 2021.

Because Mr. Howard's case was not transferred to the Northern District of Florida until May 6, 2021, his case was obviously not included in the original list of cases to be grouped that was filed with the April 30th RCMO. Accordingly, the RCMO was not entered into his docket automatically as the CMO was. His counsel, Falcon Law Firm, did not move at the time the case was transferred to have Mr. Howard's case added to the RCMO list.

On September 28, 2021, Falcon Law Firm and BP's Lawyers filed a joint motion to correct the ARCMO; this motion led to the CARCMO. In this motion they explicitly noted that Mr. Howard's case was not subject to the ARCMO and was not subject to the RCMO before that. Consistent with that acknowledgement, Falcon Law Firm did not include Mr. Howard's case in its October 7, 2021, filing listing cases to be stayed pursuant to the CARCMO. Neither the ARCMO, nor the CARACMO were filed on Mr. Howard's docket.

On December 2, 2021, Mr. Howard had still not fulfilled his expert witness discovery disclosures as required by the CMO. On that day his counsel, Falcon Law Firm, moved the court to include his name in the groupings established by the RCMO and then to stay his case pursuant to CARCMO. BP opposed this motion, and the magistrate judge denied it on January 18, 2022, citing Falcon Law Firm's lack of diligence in moving to add Mr. Howard's case to the list in the eight months between the transfer of Mr. Howard's case to Florida and the December 2nd discovery deadline. The magistrate judge explicitly considered this motion as a motion

to amend the scheduling order under Rule 16, and applied the "good cause" standard set forth in that rule.

Then on February 1st, 2022, Mr. Howard's counsel moved the court to amend the scheduling order in Mr. Howard's case specifically and to allow for an additional 120 days to meet the expert witness discovery deadlines. The magistrate judge denied this motion as well, citing Federal Rule of Civil Procedure 16's "good cause" standard for amending scheduling orders and noting that Falcon Law Firm had totally failed to show any diligence that would justify good cause to amend the order. The magistrate judge noted that "even at this late date Howard requests an additional 120 days" to comply with his expert witness requirements. The district court rejected Mr. Howard's objections to the magistrate judge's decision.

After these two motions were rejected, BP moved for and the district court granted, summary judgment on the grounds that Mr. Howard failed to provide expert evidence showing causation. This appeal followed.

## II.    Standard of Review

We review a district court's decision to enforce its Rule 16 scheduling order and deny amendments for abuse of discretion. *Romero v. Drummond Co.*, 552 F.3d 1303, 1313–14 (11th Cir. 2008).

We review grants of summary judgment de novo, drawing all inferences in favor of the non-moving party. *Gundy v. City of Jacksonville*, 50 F.4th 60, 70 (11th Cir. 2022).

## III.    Discussion

The district court's decision to adhere to its scheduling order and decline to amend it was not an abuse of discretion. The district court "must issue a scheduling order," and this order may be modified "only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(1), (4). We have held that modification is inappropriate unless a party can show they failed to meet the schedule despite their "diligence." *See Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998) (per curiam).

Here, the record shows that Mr. Howard's attorneys took no steps to have his case stayed in the 210 days between when the case was transferred and the December 2nd discovery deadline. Nor did his counsel move at any time before the December 2nd deadline to directly alter the discovery deadline in Mr. Howard's case.

The best explanation that his counsel provides for this lack of action is that they believed his case was subject to the RCMO and its amendments. They argued both to the courts below and to this court that this was a "mistake[]." But we agree with the magistrate judge that these claims are not credible. Mr. Howard's counsel twice acknowledged to the district court in the leadup to the CARCMO that Mr. Howard's case would not be subject to the

stay.  In fact, even were it subject to CARCMO, the magistrate judge's report found that Mr. Howard's case would not even be subject to the stay because Mr. Howard had the type of injuries that were not going to be stayed by the CARCMO.

It was Mr. Howard's burden to show that his counsel had acted diligently despite their failure to meet the deadlines in the scheduling order.  The record supports the magistrate judge's conclusions that neither attempt to amend the scheduling order in this case was supported by a showing of diligence.  In the first order denying the motion to include Mr. Howard's case in the CARCMO stay list, the magistrate judge noted that there had been no attempt to modify the scheduling order in the eight months since the case's transfer to Florida.  In the second order, it noted that Mr. Howard was requesting an *additional* 120 days from the motion to comply with the expert witness disclosures, when they were originally due four months prior in December.  Both of these findings are supported by the record.  Even on appeal Mr. Howard does not explain what steps he has taken to obtain an expert witness.

Mr. Howard argues that the magistrate judge's order was clearly erroneous because it stated, "Had Howard filed the motion to modify the scheduling deadlines in December after the Court issued its order denying his request to stay this case, Howard would be in a different position."  Mr. Howard rightly notes that the order denying the motion to stay was issued in January, not December, and that he filed the follow-up motion to amend the scheduling order two weeks after that.  However, the magistrate judge

grounded the order denying the 120-day extension in both Mr. Howard's counsel's complete failure to show diligence in securing an expert and its incorrect recollection of the timeline. Independent of the mistaken timeline, the magistrate judge's conclusion that there was no good cause to amend the scheduling order was supported by the record showing Mr. Howard's counsel's lack of diligent effort to secure an expert witness. Thus, the district court's decision to overrule any objection to the magistrate judge's order, and to enforce its scheduling order in this case was not an abuse of discretion.

Mr. Howard's argument that this court should reverse the grant of summary judgment was contingent on this court finding error in the district court's enforcement of the scheduling order. Because we affirm the district court's refusal to extend the time to comply with the expert witness requirements of the MSA, there are no grounds to reverse the grant of summary judgment. Accordingly, we **AFFIRM**.

**AFFIRMED.**